UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                    :
NSILOJI GLOVER,                                     :
                                                    :
                        Plaintiff,                  :   **MEMORANDUM AND ORDER**
                                                    :
           - against -                              :
                                                    :   1:05-cv-5552-ENV-RML
THE CITY OF NEW YORK, RAYMOND                       :
FESTINO, LUIS GUTIERREZ and                         :
DOMINICK NASSO,                                     :
                                                    :
                        Defendants.                 :
                                                    :
------------------------------------------------------X

VITALIANO, D.J.

Plaintiff Nsiloji Glover brought this action against the City of New York, Raymond Festino, Luis Gutierrez, and Dominick Nasso, alleging that he had been the subject of an illegal search and seizure. The individually named defendants have now moved to dismiss the claims against them, pursuant to Fed. R. Civ. P. 12(b)(5), because they were not timely served. For the reasons set forth, their motions are granted.

## BACKGROUND

Plaintiff initiated this action, pursuant to 42 U.S.C. § 1983, on November 29, 2005 by filing a complaint against the City of New York and individual defendants Raymond Festino, Luis Gutierrez, and Dominick Nasso. Given that the complaint was filed on November 29, 2005, plaintiff had 120 days, or until March 29, 2006, to perfect service of process against each defendant. See Fed R. Civ. P. 4(m).

Plaintiff timely served the City of New York on November 29, 2005. The City answered

the complaint on February 21, 2006 and appeared at an initial conference before Magistrate Judge Robert M. Levy on April 12, 2006. At that conference, it became apparent that, although 120 days had run from the filing of the complaint, plaintiff had not attempted to serve the individual defendants. Plaintiff's counsel requested an extension of time to do so.

In attempting to justify his failure to serve the individual defendants within 120 days, plaintiff has offered two items of evidence. First, along with the summons and complaint, plaintiff's counsel had served the City with a cover letter requesting "the names and current employment addresses of the police officers involved in the incident." Second, plaintiff's counsel claims that in a subsequent phone conversation with counsel for the City, he again requested the individual defendants' addresses. Aff. of Matthew Flamm, dated Dec. 29, 2006, ¶ 28. Plaintiff does not claim that any other efforts were made within 120 days of the complaint being filed to obtain the addresses of, or otherwise serve, the individual defendants. Defense counsel contends that plaintiff could have, and should have, directly contacted the New York City Police Department to obtain the precinct addresses of the individual defendants, as plaintiff's counsel had apparently done so in prior cases.

Regardless of whether plaintiff's efforts to obtain the individual defendants' addresses were diligent, plaintiff was spared, as Magistrate Judge Levy provided him a second chance – without further explanation on the record – to serve the individual defendants by April 30, 2006. The minute entry from that conference states:

> Individual defendants not served yet. City will provide addresses shortly, but Corporation Counsel will not represent individual defendants. Plaintiff and City will exchange initial discovery demands. Plaintiff shall serve individual defendants by 4/30/06.

2

Minute Entry of Apr. 12, 2006. On the very next day, the City complied with Magistrate Judge Levy's order by mailing the individual defendants' addresses to plaintiff. Plaintiff does not deny prompt receipt of this information; nor does he claim that, following receipt, he had insufficient time to meet the service deadline. Notwithstanding, plaintiff failed to comply. Service was effected upon defendant Luis Gutierrez on May 2, 2006, upon defendant Dominick Nasso on May 23, 2006, and upon defendant Raymond Festino on June 9, 2006. Plaintiff never sought an enlargement of time in which to serve defendants.

On August 17, 2006, the individual defendants informed Magistrate Judge Levy of their intention to move for dismissal of the claims against them because they were not timely served. After a pre-motion conference before the Court, the individual defendants moved for dismissal. Since the events giving rise to plaintiff's complaint occurred on February 5, 2003, and given that the parties' agree that the statute of limitations on those claims expired on February 6, 2006, the granting of the pending motions may permanently dispose of plaintiff's claims against the individual defendants.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss an action if service of process did not comply with Federal Rule of Civil Procedure 4(m). Rule 4(m) provides, in relevant part, that

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the

time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

A plaintiff bears the burden of showing good cause for failing to timely serve the defendant. Bunim v. City of New York, No. 05-cv-1562, 2006 WL 2056386, at *2 (S.D.N.Y. Jul. 21, 2006); AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000). "Good cause means a valid reason for delay, such as the defendant's evading service." Coleman v. Milwaukee Bd. of Sch. Dirs., 290 F.3d 932, 934 (7th Cir. 2002). In assessing whether a plaintiff has made a showing of good cause, a court "should look to whether 'the plaintiff was diligent in making reasonable efforts to effect service, including but not limited to whether plaintiff moved under FRCP 6(b)' for an extension of time in which to serve the defendant." AIG Managed Mkt. Neutral Fund, 197 F.R.D. at 108 (quoting Gordon v. Hunt, 835 F.2d 452, 453 (2d Cir.1987)). An attorney's "inadvertence, neglect, or mistake" is ordinarily insufficient to support a finding of good cause. AIG Managed Mkt. Neutral Fund, 197 F.R.D. at 108; Fairman v. Hurley, 373 F. Supp. 2d 227, 233 n.7 (W.D.N.Y. 2005).

In Beauvoir v. U.S. Secret Serv., 234 F.R.D. 55 (E.D.N.Y. 2006), Judge Townes noted a conflict of authority among district courts in this circuit as to whether a court may extend a plaintiff's time to serve defendants absent a showing of good cause. Id. at 57. Relying upon the Advisory Committee Notes to Rule 4(m) and dicta of the United States Supreme Court that 1993 amendments to Rule 4(m) "permit[] a district court to enlarge the time for service 'even if there is no good cause shown,'" Beauvoir concludes that a district court may grant an extension even where a plaintiff fails to show good cause. Id. at 58 (quoting Henderson v. United States, 517

4

U.S. 654, 658 n.5, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996)); see also Clyburne v. Ctr. for Comprehensive Health Practice, Inc., No. 04-cv-6695, 2006 WL 1559238, at *2 (S.D.N.Y. Jun. 5, 2006); Tomney v. Int'l Ctr. for the Disabled, No. 02-cv-2461, 2003 WL 1990532, at *5-6 (S.D.N.Y. Apr. 29, 2003). Beauvoir is consistent with the plain language of Rule 4(m), the Advisory Committee Notes, and the conclusions of unanimous panels of every circuit court to have given extended consideration to the issue. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005); DeTie v. Orange County, 152 F.3d 1109, 1111 n.5 (9th Cir. 1998); Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996); Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996); Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995); Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). Only the Fourth Circuit has held to the contrary in a pre-Henderson case, but even that court has, in a subsequent unpublished decision, called into question the continued vitality of its holding. Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995); but see Scruggs v. Spartanburg Reg'l Med. Ctr., 198 F.3d 237 (Table), 1999 WL 957698, at *2 (4th Cir. Oct. 19, 1999).[1]

Since Beauvoir, the Second Circuit has decided Bogle-Assegai v. Connecticut, 470 F.3d 498 (2d Cir. 2006). It is important to assess Bogle-Assegai's holding and language in light of the clear weight of authority in support of the view that Rule 4(m) empowers a district court to extend the 120-day deadline for the service of a summons and complaint even without proof of good cause to excuse the plaintiff's service default. This perspective is essential because, in Bogle-Assegai, the court cited the Advisory Committee Notes to Rule 4(j) – the predecessor to

---

[1] The Sixth Circuit has also suggested, in dicta, that an extension of time to serve is only warranted upon a showing of good cause. Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996).

5

current Rule 4(m) – under which dismissal was mandatory if a plaintiff failed to show good cause. Id. at 508. Significantly, the Second Circuit stated that Bogle-Assegai "did not make the showing of good cause that could have *allowed* the district court, in accordance with Rule 4(m), to extend her time to effect proper service." Id. (emphasis added). Further suggesting that it had considered contrary authority, the court added that plaintiff "has not called to our attention any case in which *this Court* has ruled that the good-cause requirement specified in Rule 4(m) may be disregarded, and we are aware of no such case." Id. (emphasis added).

Of course, this language begs the question of whether the "good-cause requirement specified in Rule 4(m)," id., is a precondition to relief under that provision. The Second Circuit did not directly address this question, and the ultimate holding in Bogle-Assegai would have been the same even if Rule 4(m) allowed relief without a showing of good cause, *i.e.*, the district court had not abused any discretion it may have had by failing to grant an extension of "600-odd days." See id. At best, then, Bogle-Assegai's reference to the good cause requirement of Rule 4(m) is dicta. Though this Court will typically accord great weight to even the dicta of Second Circuit decisions, this presents an exceptional case where isolated comments in a single decision are at odds with the compelling weight of well-reasoned decisions of many district courts in this circuit, circuit courts elsewhere, and is contrary to the dicta of Justice Ginsburg in Henderson, supra. Accordingly, this Court concludes that a district court does have discretion under Rule 4(m) to grant an extension of time even where, as here, a plaintiff fails to show good cause.[2]

---

[2] Obviously, if Bogle-Assegai were read to require a showing of good cause before relief could be granted under Rule 4(m), the result here would not change given the Court's finding, infra, of inexcusable neglect on the part of plaintiff.

In deciding whether to exercise discretion in granting an extension under Rule 4(m), "a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" Efaw v. Williams, ___ F.3d ___, 2007 WL 92647, at *2 (9th Cir. Jan. 16, 2007) (quoting Troxell v. Fedders of N. Am., Inc., 160 F.3d 381, 383 (7th Cir. 1998)). Presumably, Magistrate Judge Levy employed this test in granting plaintiff relief on his first default. The unfortunate reality for plaintiff is that he subsequently failed to comply with that order and thus found himself in default of both Rule 4(m) and Magistrate Judge Levy's order.

This double default radically alters the landscape. Absent compelling changed circumstances, a plaintiff is entitled to only one bite out of Rule 4(m)'s generous apple. Where a plaintiff fails to comply with a court order pursuant to Rule 4(m) extending the time for service, the district court should then assess that subsequent failure under the less-generous standard of Fed. R. Civ. P. 6(b)(2). See United States v. McLaughlin, 470 F.3d 698, 700 (7th Cir. 2006). Rule 6(b)(2) provides that:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court *for cause shown* may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect* . . . .

Fed. R. Civ. P. 6(b)(2) (emphasis added). It is this test that is applicable in assessing plaintiff's opposition to the collective motions of the individual defendants for dismissal.

**DISCUSSION**

As a first matter, plaintiff has failed to demonstrate any changed circumstances from the

7

time when he initially failed to serve defendants and appeared before Magistrate Judge Levy. The only explanation offered by plaintiff for his second failure is his counsel's personal difficulties and tribulations, which are claimed to have prevented counsel from arranging for timely service in compliance with the second-chance order. Factual support for this claim is laid out in the affidavit of plaintiff's counsel, which the Court has thoroughly reviewed. Accepting every word of counsel's excuse as gospel, it simply does not add up to a showing of cause that would justify or excuse plaintiff's failure to timely serve defendants with the summons and complaint.

Attorney neglect alone, to cut to the quick, cannot constitute good cause under Rule 4(m). Carroll v. Certified Moving & Storage, Co., No. 04-cv-4446, 2005 WL 1711184, at *2 (E.D.N.Y. Jul. 19, 2005); AIG Managed Mkt. Neutral Fund, 197 F.R.D. at 108. Nor does it meet the "cause" or "excusable neglect" standard of Rule 6(b)(2), which, again, is the rule of decision here since plaintiff has also defaulted on the second-chance order issued by Magistrate Judge Levy. The Sixth Circuit's recent decision in Nafziger v. McDermott Int'l, Inc., 467 F.3d 514 (6th Cir. 2006) is instructive.

In Nafziger, the court held that an unspecified claim of "significant personal matters involving the welfare of Counsel's young children" was not enough to meet the good cause standard of Rule 4(m). Id. at 521. In addressing counsel's failures, the Sixth Circuit discussed the excusable neglect standard of Rule 6(b)(2) and noted that counsel's failure to comply with a deadline should not be viewed in isolation, but instead with an eye to "previous dilatory conduct" and the promptness with which counsel sought retroactive relief under Rule 6(b)(2).

Id. at 522-23. Finally, in rejecting a contention that the court should not punish a client for his counsel's failures, the court responded "that clients must 'be held accountable for the acts and omissions of their chosen counsel.'" Id. (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396-97, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

At bar, plaintiff offers no proof that he endeavored to serve defendants during the extension granted by Magistrate Judge Levy. Nor does he offer argument or evidence that any of the defendants, by act or omission, obstructed or impeded his ability to serve them within the time set by the Magistrate Judge. Indeed, plaintiff simply ignored the court order, not even seeking an extension before the relief deadline had expired. It was not until serving papers in opposition to defendants' motions some eight months later that counsel raised his personal difficulties. All in all, plaintiff's lack of diligence is manifest.

This Court is fully aware that dismissal may extinguish plaintiff's claims against the individual defendants, and it recognizes that the Second Circuit's "clearly expressed preference [is] that litigation disputes be resolved on the merits." Tomney, 2003 WL 1990532, at *6 (quoting Mejia v. Castle Hotel, Inc., 164 F.R.D. 343, 346 (S.D.N.Y. 1996)). Nonetheless, this Court finds compelling that plaintiff was given a second chance and, having first completely disregarded Rule 4(m), he then equally disregarded a court order granting him relief from his initial default. The second time around, such inexcusable neglect forfeits the right to proceed on the complaint.

## CONCLUSION

For the foregoing reasons, the motions of defendants Raymond Festino, Luis Gutierrez,

and Dominick Nasso are granted in full and the action is dismissed as to these defendants. Discovery on plaintiff's remaining claims against the defendant City of New York shall proceed before Magistrate Judge Levy.

**SO ORDERED.**

Dated: Brooklyn, New York
February 2, 2007

/ s / Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge